**SIERRA CLUB, Wisconsin Forest Conservation Task Force, and Wisconsin Audubon Council, Inc., Plaintiffs,**

v.

**Floyd J. MARITA as Regional Forester of the Eastern Region of the Forest Service, United States Department of Agriculture; F. Dale Robertson as Chief of the Forest Service; and Michael B. Hathaway as Forest Supervisor of the Nicolet National Forest, Defendants.**

**Civ. A. No. 90–C–336.**

United States District Court,
E.D. Wisconsin.

June 28, 1991.

**288**

Walter Kuhlmann, Boardman, Suhr, Curry & Field, Madison, Wis., for plaintiffs.

Mel S. Johnson, Asst. U.S. Atty., Milwaukee, Wis., and Wells D. Burgess and Louise Milkman, U.S. Dept. of Justice, Environment & Natural Resources Div., Gen. Litigation Section, Washington, D.C., for defendants.

## ORDER

REYNOLDS, Senior District Judge.

## BACKGROUND

On April 2, 1990, plaintiff environmental organizations Sierra Club[1], Wisconsin Forest Conservation Task Force[2], and Wisconsin Audubon Council, Inc.[3] commenced this

1. Plaintiff Sierra Club is a nonprofit corporation existing under the laws of California, which is dedicated to the exploration, enjoyment and protection of the nation's public lands. The Sierra Club's members claim to use the Nicolet National Forest for outdoor recreation activities, and they claim that the Forest Service's actions listed in the complaint adversely affect the organizational interest of the Club as well as the use and enjoyment of the Forest by individual members of the Club (Complaint, ¶ 7).

2. Plaintiff Wisconsin Forest Conservation Task Force ("Task Force") is an unincorporated group of citizens formed for the purpose of analyzing the land and resource management plans for the two national forests in Wisconsin. The members claim to use the Nicolet National Forest for recreational purposes and to have an interest in preservation of the Forest (Complaint ¶ 5).

3. Plaintiff Wisconsin Audubon Council, Inc. ("Wisconsin Audubon") is a nonprofit corporation organized under the laws of Wisconsin (Complaint ¶ 6). Audubon members claim to use the Forest for various types of recreation and claim to have a significant interest in the preservation of native biological diversity (*Id.*). Wisconsin Audubon brings this action on its own behalf and on behalf of its members who claim to have been affected adversely by the defendants' actions.

4. The Forest Service describes the forest plan as follows:

action, seeking judicial review of the United States Department of Agriculture—Forest Service's decision denying their administrative appeal and affirming the promulgation of the Nicolet National Forest Land and Resource Management Plan ("Plan")[4], final environmental impact statement ("FEIS"), and record of decision ("ROD") for the Nicolet National Forest ("Nicolet") located in northern Wisconsin.

Plaintiffs' complaint alleges, among other things, that the Forest Service failed to consider certain principles of ecology and conservation biology in the planning process, and that in these and other respects the Forest Service and the named officials violated various federal statutes and regulations, including the National Forest Management Act, 16 U.S.C. §§ 1600 *et seq* ("NFMA") and the National Environmental Policy Act, 42 U.S.C. §§ 4321 *et seq* ("NEPA") (Complaint, ¶¶ 28–75).[5] Plaintiffs contend that the forest management

The Forest Plan establishes a broad management program for the Nicolet National Forest for a 10– to 15– year period. It sets general and specific goals for National Forest management and a set of standards and guidelines to follow in pursuit of those goals. In addition, it establishes a monitoring process to help determine how well the standards and guidelines are working and whether the goals remain appropriate during the period when the Forest Plan is implemented. (Administrative Record of Appeals ## 1746 and 1757 ("Ad.Rec.") at 11).

5. Specifically, plaintiffs' complaint alleges that: (1) the Forest Service failed to consider certain *scientific factors based upon principles of conservation biology and ecology* in its preparation of the FEIS and Plan, thus violating NEPA, 42 U.S.C. § 4332 (Complaint ¶¶ 28–33); NFMA, 16 U.S.C. § 1604(b) (Complaint ¶¶ 41–44); and certain implementing regulations; (2) the Plan and ROD failed to identify and assess certain ecological impacts resulting from the land use practices prescribed in the Plan in violation of NEPA, 42 U.S.C. § 4332(C)(ii) and implementing regulations (Complaint ¶¶ 34–36); (3) the Forest Service failed to consider measures to mitigate adverse environmental impacts in the FEIS in violation of NEPA implementing regulations 40 C.F.R. §§ 1502.14(f) and 1502.16(h) (Complaint ¶¶ 37–40); (4) the Forest Service failed adequately to consider biological diversity issues in the Plan, FEIS, and ROD in violation of NFMA, 16 U.S.C. § 1604(g)(3)(B) and various implementing regulations (Complaint ¶¶ 45–48); (5)

practices resulting from the Forest Service's allegedly defective planning process will impair the sustainability of diverse plant and animal communities within the Nicolet.

This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 [6], 1361, and 2201–02. Venue in the Eastern District of Wisconsin is proper under 28 U.S.C. § 1391(e) because the majority of the Nicolet is located in the Eastern District, and because the ROD was executed by the Regional Forester of the Eastern Region of the Forest Service, whose regional office is located in Milwaukee, Wisconsin (Complaint ¶ 4).

Presently before the court is plaintiffs' October 24, 1990 motion to supplement the administrative record with testimony of certain experts in the field of conservation biology. For the reasons below, this court denies plaintiffs' motion.

## FACTS

The Forest Service promulgated the Plan by the Regional Forester's August 11, 1986 ROD, following a six-year administrative decision-making process. During this process, the Forest Service considered alternative forest management plans and various analyses of the environmental impacts of those plans, which were set forth in a draft forest plan and a draft environmental impact statement which were circulated to the public.

On August 27, 1986, plaintiffs filed their administrative appeal of the Plan.[7] On November 24, 1986, plaintiffs filed in support of their administrative appeal a 225–page statement of reasons, over eighty pages of which discuss the scientific bases for plaintiffs' claims that the Forest Service failed to consider adequately certain principles of ecology and conservation biology (Administrative Record of Appeals ## 1746 and

---

the Forest Service failed to consider or to prevent forms of impairment of the productivity of the land in violation of the Multiple–Use Sustained–Yield Act of 1960 ("MUSY"), 16 U.S.C. § 528 et seq. (Complaint ¶¶ 49–54); (6) the Plan failed to inventory all applicable resources of the Nicolet in violation of NFMA, 16 U.S.C. § 1604(f) (Complaint ¶¶ 58–62); (7) the FEIS and Plan did not respond adequately to criticism regarding the adequacy of non-motorized recreational opportunities in violation of the NFMA (Complaint ¶¶ 63–66); (8) the preparation of the Nicolet FEIS and Plan failed to provide a sufficiently broad range of recreational opportunities in violation of 36 C.F.R. § 219.21 (Complaint ¶¶ 67–70); and (9) the FEIS failed to consider a reasonable range of alternatives to the Plan regarding levels of tree harvesting, road building, semi-primitive non-motorized recreation, or biological diversity in violation of 42 U.S.C. § 4332(C)(iii) and 40 C.F.R. § 1502.14 (Complaint ¶¶ 72–75).

6. Judicial review in federal district court is presumed to be available to persons harmed by administrative action, even in cases in which Congress has not expressly prescribed a mode of judicial review for a particular administrative decision under 28 U.S.C. § 1331 which gives district courts power to entertain suits arising under federal laws. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 142–43, 87 S.Ct. 1507, 1512, 18 L.Ed.2d 681 (1967); *Cronin v. United*

*States Dept. of Agriculture*, 919 F.2d 439, 443 (7th Cir.1990).

7. Plaintiffs' administrative appeal was conducted under the Forest Service appeal regulations at 36 CFR 211.18, which regulations no longer apply to appeals of decisions of Forest Service officials concerning management of the National Forest System filed after February 22, 1989. 54 *Fed.Reg.* 3342, 3357 (Jan. 23, 1989). Under 36 CFR 211.18, an appellant must file a notice of appeal that identifies the decision being appealed, 36 CFR 211.18(e), and a statement of reasons in support of the appeal, 36 CFR 211.18(c). The regulation establishes no limit on the amount of material which an appellant may include in the statement of reasons.

The Forest Service official deciding the administrative appeal must prepare and supply to appellants a responsive statement to the appellants' statements of reasons. 36 CFR 211.18(g). Appellants are then permitted to file a reply to the responsive statement. *Id.* After an oral presentation, as occurred in this appeal, participants may make additional submissions for the record. 36 CFR 211.18(m). Finally, any person or organization may submit comments to be included in the record. 36 CFR 211.18(k), (p).

The only limit on the material which may be submitted by an appellant is that throughout all levels of appeal, an appellant may not introduce new issues in the appeal. 36 CFR 211.18(f). However, new *information* on the issues raised in the notice of appeal may be introduced. *See* 36 CFR 211.18(k).

1757 ("Ad.Rec.") at 1828–910)).[8] Specifically, this eighty-plus page section addresses: (1) the agency's alleged failure to measure certain biological diversity trends in the Nicolet (*Id.* at 1828–904), (2) the plaintiffs' alternative forest management proposals for the enhancement of biological diversity (*Id.* at 1904–07), and (3) the weight of professional opinion supporting plaintiffs' position on the biological diversity issue (*Id.* at 1907–10). Additionally, plaintiffs submitted with their statement of reasons in support of these claims expert testimony of thirteen persons in the field of conservation biology (*Id.* at 2167–91). Among the expert testimony submitted to the Forest Service was that of the three experts whose testimony plaintiffs seek to supplement in the instant motion: Jared M. Diamond, Professor of Physiology, University of California, Los Angeles (*Id.* at 2167–68); Daniel H. Janzen, Professor of Biology, University of Pennsylvania (*Id.* at 2178–79); and Edward O. Wilson, Baird Professor of Science, Harvard University (*Id.* at 2191).

On August 4, 1987, the Forest Service issued its responsive statement, setting forth its reasons for opposing the plaintiffs' conservation biology arguments (*Id.* at 1399–409, 1411, 1414, 1416–17). On October 26, 1987, plaintiffs served their reply to the Forest Service's responsive statement. In their reply, plaintiffs added to the administrative record an additional fifty-page statement on the biological diversity issue (*Id.* at 398–448), and an additional seventy-five pages of evidentiary materials on the issue (*Id.* at 705–81). Finally, on February 11, 1988, plaintiffs offered oral testimony in support of their appeal, including expert testimony regarding biological diversity (*Id.* at 158–60).

On January 9, 1990, defendant Chief of the Forest Service F. Dale Robertson ("Chief") issued his decision on plaintiff's administrative appeal. In the portion of the administrative appeal decision concerning plaintiffs' biological diversity claims, the Chief affirmed the Regional Forester's approval of the Plan in part and remanded it in part (Ad.Rec. at 3–5, 27–43). That decision directed the Regional Forester: (1) to amend the Plan with respect to sensitive species and population viability, and to establish a committee of experts on those issues and (2) to make recommendations regarding biological diversity for the Forest Service to consider in determining whether to amend the Plan in the future (*Id.* at 3–5). The administrative appeal decision rejected the plaintiffs' remaining requests for relief, including their request that diversity management areas be established, on grounds that the principles of conservation biology espoused by plaintiffs provide insufficient empirical evidence for the creation of such areas (*Id.* at 27–43).

On April 2, 1990, plaintiffs filed this action seeking judicial review of the administrative decision denying their administrative appeal and affirming the promulgation of the Plan. Defendants have denied the allegations in plaintiffs' complaint and have interposed the affirmative defenses that: (1) plaintiffs have waived certain biological diversity claims by failing to raise them at appropriate times in the administrative process (Answer ¶ 77), and (2) several of plaintiffs' other claims are not ripe because the Chief's decision did not reach a final decision on the issues underlying those claims (Answer ¶ 76).

On October 24, 1990, plaintiffs moved to supplement the administrative record with expert testimony regarding principles of ecology and conservation biology. Specifically, the plaintiffs seek to supplement the record with testimony of "2 or 3 nationally prominent scientists" regarding the historical background of ecology and conservation biology, the acceptance of these disciplines within the scientific community at the time of the Nicolet planning, and the environmental consequences of ignoring these disciplines (Br. in Supp. of Pl. First Motion to Supp.Ad.Rec. at 2–3).

## ARGUMENTS OF THE PARTIES

Plaintiffs contend that the Forest Service did not consider these scientific principles

---

**8.** Page citations to the administrative record refer to the stamped number appearing at the lower right-hand corner of each page.

in promulgating the Plan or FEIS, that the administrative record contains insufficient testimony and informational material regarding these principles, and that the presentation of supplementary material on these principles would assist the court in deciding this case.

Conceding that the scope of this court's review of agency decisions is generally limited to the administrative record, plaintiffs offer two lines of arguments in support of their motion. First, plaintiffs contend that they are entitled to supplement the administrative record under two exceptions to the general rule limiting judicial review to the record. These exceptions involve: (1) cases in which the administrative record is so inadequate that judicial review is frustrated and (2) complex cases in which the introduction of background scientific or technical testimony would assist judicial review. Second, plaintiffs argue that the defendants' affirmative defenses regarding waiver and ripeness raise new issues of fact, entitling plaintiffs to present the requested supplementary testimony.

Defendants respond that: (1) the plaintiffs have failed to demonstrate that the record is inadequate for the judicial review required in this case, (2) the presentation of additional explanatory testimony on scientific matters is premature, and (3) the introduction of the additional testimony would unnecessarily expand the scope of this court's review.

## ANALYSIS

■ Judicial review of agency action is generally limited to the administrative record. *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743, 105 S.Ct. 1598, 1606–07, 84 L.Ed.2d 643 (1985); 5 U.S.C. § 706. Where the initial level of judicial review lies in the district court, the district court is a reviewing court; it does not act as a fact-finder. *Florida Power & Light Co.*, 470 U.S. at 744, 105 S.Ct. at 1607; *Cronin v. U.S. Dept. of Agriculture*, 919 F.2d 439, 443 (7th Cir.1990). Instead, "[t]he task of the reviewing court is to apply the appropriate APA [Administrative Procedure Act] standard of review, 5

U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court." *Florida Power & Light Co.*, 470 U.S. at 743–44, 105 S.Ct. at 1607. In this case, this court must apply 5 U.S.C. § 706(2) in order to determine whether the Forest Service's Plan, FEIS, or ROD must be set aside as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

Plaintiffs initially argue that this case involves two exceptional circumstances justifying the presentation of extra-record testimony. Specifically, plaintiffs argue that supplementation of the record is necessary: (1) to explain the basis for the Forest Service's action and (2) to explain technical or scientific principles involved in the agency's decision.

■ Under Seventh Circuit law, a district court may conduct an evidentiary hearing for the purpose of reconstructing the basis for an agency's action "only in an emergency," *Cronin*, 919 F.2d at 444, such as if the agency has not forth the basis of its decision in a written opinion, *Edgewater Nursing Center, Inc. v. Miller*, 678 F.2d 716, 718 (7th Cir.1982), or "if the agency had refused to allow the introduction of probative evidence [during the administrative proceedings]." *Cronin*, 919 F.2d at 444. Thus, a party objecting to an administrative decision may present extra-record testimony in court "only if there is no record and no feasible method of requiring the agency to compile one in time to protect the objector's rights." *Id.*

■ The agency record in this case does not present such an emergency for either of the reasons advanced by plaintiffs. First, the Forest Service set forth its decision and reasoning regarding the biological diversity issues in a substantial, written administrative appeal decision (Ad.Rec. 3–5, 27–43). Second, plaintiffs were permitted to introduce into the record an unlimited amount of evidence regarding ecology and conservation biology, and plaintiffs took advantage of this opportunity (Ad.Rec. at 158–60, 398–448, 705–81, 1828–910, 2167–91). Third, the plaintiffs have not shown that it would not be feasible for this court

to order the Forest Service to conduct a hearing on any issue that might not have received adequate discussion in the record. Therefore, this court finds that: (1) the record contains a substantial explanation of the basis of the Forest Service's decision and (2) the record must be presumed to contain adequate testimony regarding the scientific principles underlying plaintiffs' claims, given that the Forest Service afforded the plaintiffs an unlimited opportunity to submit such scientific testimony.

Plaintiffs further argue that they should be permitted to supplement the record in order to address the issues raised by defendants' affirmative defenses of waiver[9] and ripeness[10]. Both of these arguments also fail. First, any factual questions implicated by the waiver defense can be decided by reference to the existing record. The plaintiffs' initial response to the waiver defense—that the plaintiffs did notify the Forest Service of their positions on the diversity issues—must necessarily rest upon the record actually created by the plaintiffs. The plaintiffs' next response to the waiver defense—that Congress implicitly alerted the agency to the disputed principles of ecology by passing the NFMA—is primarily a legal question to which the proposed extra-record testimony would be only collaterally relevant. If, in order to rule on this response to the waiver defense, this court would need to determine the degree of scientific acceptance accorded to plaintiffs' principles of ecology during the 1970's and 1980's, it could rely upon the existing administrative record for this purpose. Second, the plaintiffs' response to the ripeness defense—that the species-by-species analysis ordered on remand is ecologically insufficient—must also be decided upon the existing record or, if necessary, upon one made before the agency at a later date.

This court therefore declines plaintiffs' invitation to conduct its own scientific inquiry. The plaintiffs have failed to demonstrate that the record is so inadequate that this court cannot perform effective judicial review. *See Cronin*, 919 F.2d at 444. Moreover, even if the administrative record were deficient for any of the reasons advanced by plaintiffs, the appropriate remedy would be to order the Forest Service to hold a proper hearing, rather than for this court to hold its own hearing. *Id.* By conducting such a hearing itself, this court would only create the impression that it was seeking "to substitute its judgment for that of the agency." *See Asarco, Inc. v. United States Environmental Protection Agency*, 616 F.2d 1153, 1161 (9th Cir.1980). This concern for retaining the proper scope of judicial review underlies the Seventh Circuit's general proscription against supplementing the administrative record:

> Confining the district court to the record compiled by the administrative agency rests on practical considerations that deserve respect. Administrative agencies deal with technical questions, and it is imprudent for the generalist judges of the federal district courts and courts of appeals to consider testimonial and documentary evidence bearing on those questions unless the evidence has first been presented to and considered by the agency.

*Cronin*, 919 F.2d at 444.

Plaintiffs have failed to demonstrate that this court cannot conduct effective judicial review based upon the existing administrative record.

IT IS THEREFORE ORDERED that the October 24, 1990 motion of plaintiffs Sierra Club, Wisconsin Forest Conservation Task

---

**9.** The defendants contend in paragraph 77 of their answer:

> Plaintiffs did not alert the agency to their position and contentions on the issue of diversity at appropriate points in the NEPA and NFMA public participation process and thereby have waived their right to complain of the alleged failure of the agency to consider their views in the development of the Plan.

**10.** The defendants contend in paragraph 76 of their answer that the remand instructions contained in the Chief's administrative decision order calling for standards, guidelines, and recommendations regarding the viability of certain plant species render some of the plaintiffs' biological diversity claims not ripe for decision.

Force, and Wisconsin Audubon Council, Inc., to supplement the administrative record with certain expert testimony is DE-NIED.